UNITED STATES DISTRICT COURT

WESTERN WASHINGTON DIVISION

Pro Se Litigant
Fawn Brooks
27284 Duffy Rd
Sedro Woolley WA 98284
360-499-5586 Msfawnmarie@Hotmail.Com

FAWN M BROOKS,

    Plaintiff,

vs.

SKAGIT COUNTY PUBLIC HEALTH,
COMMUNITY ACTION AGENCY OF
SKAGIT, GEOCKO, INC. D.B.A
LIVESTORIES, WASHINGTON
DEPARTMENT OF COMMERCE,
ALLYSON YAMAUCHI

    Defendant

Case No.: Number
2:23-CV-01708-LK

**COMPLAINT AND INJUNCTION**



FILED
LODGED
RECEIVED     MAIL

NOV 0 6 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

## I.   VERIFIED COMPLAINT

    This is a cause of action seeking money damages and injunction for ERAP recipients unlawfully deprived plaintiff emergency assistance, where intentional unauthorized practice resulted in negligent deprivation and causing severe emotional distress in violation of Plaintiff's constitutional rights under Title VI of the Civil. Rights Act 1964 and Fourteenth Amendment.

### Jury Trial Demand

## II.   Jurisdiction

COMPLAINT AND INJUNCTION - 1

This Court 's Jurisdiction over Plaintiff's federal claim is under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second, third, and fourth claims, which are based on state law, under 28 U.S.C. § 1367.

Venue in the United States District Court for the Western Washington Division is proper pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES TO THIS COMPLAINT

*Providing information for all Plaintiffs named in the complaint.*

      1.  Fawn M Brooks
         27284 Duffy Rd
         Sedro Woolley, Skagit, WA. 98284
         Msfawnmarie@Hotmail.Com  360-499-5586

a.  In this complaint plaintiff is now referred as Brooks.

*Providing information below for each defendant named in the complaint.*

1.  Skagit County Public Health
    S. 2nd Street Rm# 301
    Mount Vernon, WA. 98273
    Rep George Kosovich  360-416-1547

2.  Community Action Of Skagit County
    330 Pacific Place
    Mount Vernon, WA. 98273
    Executor Director William Henkel
    360-416-7585

3.  Washington Department Of Commerce
    1011 Plum St Se
    Po Box 42525
    Olympia, WA. 98504-2525

Rep Mike Semrow
Mikesemrow@Commerce.Wa.Gov

4.  Geocko, Inc. D.B.A. Livestories, Inc.
    Po Box 12242
    Seattle, King, WA. 98102

5.  Allysen Yamauchi
    Housing Coordinator/Eviction
    Prevention Coordinator
    330 Pacific Pl
    Mount Vernon, Skagit, WA 98273
    360-333-5479.
    Allysony@Communityaction.Skagit.Org

a)  Defendant Skagit County Public Health (now Skagit) is local government

entity having its principal place of business in Skagit County,

COMPLAINT AND INJUNCTION - 2

Washington. It acted in concert with the other Defendants and are Sued in their official capacity.

b) Defendant Community Action (now CA) is the local housing assistance resource hub. They acted in concert with the other Defendants. Employees titled as Eviction Prevention specialist. Place of business is Skagit County, Washington. C.A is sued in their official capacity.

c) Defendant Geocko d.b.a. Livestories (now LS) is contracted by Defendant Skagit County. LS's place of business is King County Washington. LS is sued in their official capacity.

d) Defendant Washington Department of Commerce (now Commerce) is in receipt of the Coronavirus State Fiscal Recovery Fund. They are being sued in their official capacity.

e) Defendant Allyson Yamauchi (now Yamauchi) is an employee of CA. She acted under employment and is the housing coordinator. She is being sued in her official. Place of business is Skagit County in the state of Washington.

f) All times relevant to complaint defendants were working under the American Rescue Act of 2021 administering the Emergency Rental Assistance funds via US Treasury and under color of state law.

COMPLAINT AND INJUNCTION - 3

Fawn Brooks
27284 Dublz Rd
Sedro Woolley WA
98284

g) All times relevant the defendants accepted a duty of care seeing that federal funds were used to protect eligible households from eviction and homelessness for them to stay secure in their homes.

## IV.    FACTUAL ALLEGATIONS

1. The program's purpose is for eviction prevention and is Federal Statute 15 U.S. Code § 9058a and enacted under American Rescue Plan 2021.

2. Statute specifies eligibility criteria and Treasury regularly released guidance. (Exhibit 2)

3. Brooks 100% qualifies, however, CA and LS denied application.

4. White Americans were excluded in Skagit, CA, LS, and Commerce Scope of work contracts.

5. LS was authorized by Skagit and Commerce as final approval and flagged Brooks' application.

6. LS standard practice only allows a 5-day appeal and grievance window.

7. Brooks alerted CA about having a mental health crisis, job loss, and causal effects of denial.

8. Brooks attempts went unsuccessful at accessing any eviction prevention services from Skagit and has been in constant emotional distress since August 2022.

COMPLAINT AND INJUNCTION - 4

Fawn Brooks
27284 Duffy Rd Sedrowcolleylan WA 98284

9. In Sept 2023 Brooks found a severe conflict of interest involving Yamauchi and another CA employee.

## V.    COUNT ONE: DISCRIMINATORY INTENT

*Title VI CIVIL RIGHTS ACT 1964 and FOURTEENTH AMENDMENT*

Plaintiff REALLEGES AND RESTATES the foregoing jurisdictional allegations and the foregoing factual allegations as if fully rewritten herein.

10. Alleges, all defendants deprived access to a Federal Statutory benefit under the ERAP 2.0 Statute Section 501 of Subtitle A of Title V of Division N of the Consolidated Appropriations Act 2021.

11. Alleges, the intentional exclusion deprived her of services to prevent the loss of home related to pandemic financial hardship.

12. Alleges, all the contracts prove discriminatory intent because the recipients intentionally treated a person differently by assuming white people were not also experiencing poverty, hardship from the pandemic, or of a priority and having adverse action.

13. Alleges, Skagit and CA always relevant to this action were "acting pursuant to contract w/ State to provide a function ordinarily provided by state."

COMPLAINT AND INJUNCTION - 5

Fawn Brooks  27284 Duffy Rd. Sedro Woolley WA 98284

14. Brooks claims a right to damages available by the 14th amendment "class of one" clause, alleging Commerce refused to afford equal protection.

15. Title VI of the Civil Rights Act of 1964 authorizes private lawsuits towards those that practice intentional discrimination. 532 U.S. at 285.

WHEREFORE Plaintiff Fawn Brooks demands judgement for money damages against the Defendants and other relief as the court may deem reasonable and just under the circumstances.

## VI.    COUNT TWO: NEGLEGENT INFLICTION OF EMOTIONAL DISTRESS

*42 U.S.C 1983 and 14th Amdt. Due Process*

Plaintiff REALLEGES AND RESTATES the foregoing jurisdictional allegations and the foregoing factual allegations as if fully rewritten herein.

16. Alleges, LS demonstrated reckless disregard of the risks of eviction and mental health status when practicing an unauthorized policy to block eligible applicants.

COMPLAINT AND INJUNCTION - 6

Fawn Brooks  27284 Duffy Rd. Sedro Woolley WA 98284

17. Alleges, defendants Commerce and Skagit failed to intervene or equal protection when they ignored complaints and accepted LS denial.

18. Alleges, a substantial conflict of interest relating to Allyson Yamauchi and another employed by CA which violates ethics rules.

19. Brings forth a Claim of State Created Danger when the outcome would be homelessness.

20. Alleges, Commerce and Skagit had a duty to check the practices used by the entities they contracted with.

21. Alleges, Defendants deprived her of rights under Amdt 14.S1.5.2 "Due Process Clause" when unable to prove differently from LS unverified Labelling of Plaintiffs intent.

22. Alleges, Defendants denying ERA assistance without procedural due process put her in a position to lose her home and cause the deprivation, a direct violation of the 14th amendment.

23. Alleges, Yamauchi had a significant hand and authority to a potential direct interference in application.

24. Alleges, Yamauchi had a duty in a position to address complaints and step in to assist eviction prevention to be neutral.

COMPLAINT AND INJUNCTION - 7

Fawn Brooks   27204 Duffy Rd. Sedro woolley WA 98204

25. Alleges, Yamauchi 's involvement included an influence to not fully investigate my complaint, denial and appeal letter confusion, Brooks inability to defend her position as fact.

26. Alleges, the handling of Brooks application and lack of basic fair procedural due process efforts will show an obvious county wide blacklisting (provable in discovery).

27. Alleges, Brooks has suffered extreme levels of stress, fear, anxiety, and abandonment.

WHEREFORE Plaintiff Fawn Brooks demands judgement for money damages against the Defendants and other relief as the court may deem reasonable and just under the circumstances.

## VI.    COUNT THREE: ASSUMPTION OF DUTY

*42 U.S.C. § 1983--Against All Defendants*

Plaintiff REALLEGES AND RESTATES the foregoing jurisdictional allegations and the foregoing factual allegations as if fully rewritten herein.

24. Alleges, Skagit Portal gave access to the statutory benefit to receive the emergency rental assistance,

COMPLAINT AND INJUNCTION - 8

Fawn Brooks  27204 Duffy Rd. Sedro woolley WA 98284

25.  C, LS authority for final review to approve or deny an application

deprived Plaintiff from a standard administrative procedure of 30-day

appeal window.

26.  In this claim, the Plaintiff asserts the local authorities administering the

Federal rental assistance are vicariously liable for the acts of their

employees in violation of discriminatory behavior. Meyer v. Holley, 537

U.S.280, 285 (2008).

27. LS five-day appeal window is callousness over applicants potential eviction.

28.  Alleges, the exclusion resulted 14 months of extreme worry, induced deeper

depression, physical felt ill, Isolation, loss of trust for Federal programs, sleep

loss, impacted relationships, and mental anguish.

29.  LS and CA acted pursuant to a policy or custom of Defendant County.

30. Officials are not protected when willful and negligent disregard of state laws

cause injury to a person Amdt11.6.4 Tort Actions Against State Officials

WHEREFORE Plaintiff Fawn Brooks demands judgement for

money damages against the Defendants and other relief as the court may

deem reasonable and just under the circumstances.

## VII.  FOURTH CLAIM: DEFENSE WAIVED

COMPLAINT AND INJUNCTION - 9

Fawn Brooks  28204 Dusky Rd. Sedro Woolley Wa 98284

Plaintiff REALLEGES AND RESTATES the foregoing jurisdictional allegations and the foregoing factual allegations as if fully rewritten herein.

31. Plaintiff brings forth claim for which Community Action Agency of Skagit is barred from raising a defense to this claim, pursuant to RCW 4.96.020 (2).

32. CA is considered an entity when carrying out a function of the state ordinarily provided by the state.

33. Failed to make available on its website or making available the information required by RCW 4.96.020 and has waived its right to any defenses available in such law. (Exhibit attached)

WHEREFORE Plaintiff Fawn Brooks demands judgement for money damages against the Defendants and other relief as the court may deem reasonable and just under the circumstances.

Each entity adopted a policy at issue discriminated against when denying her access to a federal program called the ERAP 2.0 which caused her extreme emotional distress.

## V. IRREPARABLE INJURY

Complainant has suffered and continues to suffer immediate and irreparable injury in fact since August 2022.

COMPLAINT AND INJUNCTION - 10

Fawn Brooks   27284 Duffy Rd. Sedro Woolley wa 98284

Now there is a pre-filed eviction that is now in a position of losing my home and becoming homeless. The filing was a pre-requisite to the county's ERPP program.

Irreparable is an eviction on my background check when seeking housing because it will impact my ability to obtain new housing.

Plaintiff has been in the home for 7 years with Rent of $1200 month for a 2-bedroom house with garage on 1 1/2-acre country setting. Finding another comparable affordable home is impossible with the inflation of rental prices. Complainant is a single person of low income.

Irreparable is the negative impact it's had on my relationships. Consuming my time with continued seeking help, writing letters, and constant worried state of mind making hard for others to be around.

Defendants does not have potential losses when considering Moving for this injunction request, outside of the court proceedings.

42 U.S. Code § 2000a–3 - Makes available Civil actions for injunctive relief in the form of temporary or permanent injunction and is appropriate to prevent the continuing harm and/or to order enforcement of an agency into compliance.

COMPLAINT AND INJUNCTION - 11

Fawn Brooks  27384 Duffy  Rd. Sedro Woolley WA 98284

Action can be done right now by relief of injunction and is necessary now to stop an unfair irreparable injury and harm and allow the Plaintiff to show the allegations as fact. It's in the interest of the court and public that this case is allowed to proceed.

## VI. RELIEF

As a last resort method to simply receive the same help that hundreds of millions of other Americans received.

Plaintiff was eligible in August 2022 and it's still impacting and causing the emotional distress to this very day.

The basis for the requested damages is negligent infliction of emotional distress set in motion by a willful disregard for the plaintiff's security of a constitutional right. Enacted for the very purpose of protection from wrongdoer's misconduct.

The agencies entrusted to administer the Federal programs for Pandemic relief, much like President Roosevelt's in 1933, excepted a duty of care in making sure the American people get the help needed. There is an expectation, that there is diligent reading of their contracts signed and to keep up on all the new updates the US Treasury posted and sent regardless of their hierarchy. My application was handled without care and not in compliance with ERAP 2.0 regulations, that it seems black walled.

The agencies action caused constant worry, extreme stress levels, fear of homelessness, and inability to control crying, panic, or anxiety. The stress brought on headaches, raised blood pressure, racing heart rate, hyperventilating, fatigue,

COMPLAINT AND INJUNCTION - 12

Fawn Brooks   27204 Duffy Rd. Sedro-woolley WA 98284

sleep loss. It diminished my quality of life has exaspered mental health crisis where emotional distress has been debilitating. Humiliation of having no support or empathy from the agencies resulted to mass feelings of helplessness, abandonment, and loss of trust in our system.  Isolation and social anxiety.

Under the Fourteenth Amendment, a person has a constitutional right to be free from government officials who actively place that person in an actual and defined dangerous situation (or an actual and defined dangerous situation that is more dangerous than the situation the person already faces) when government officials act with deliberate indifference to a known or obvious danger.

WHEREFORE, the Complainant requests that this court the United States

1. Declare that the Defendants' discriminatory intent and unlawful practices as set forth above violate Title VI of the Civil Rights Act; and under Title 42 USC 5 1983 provide the right for suit.

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ....*

2. The Complainant requests the court to take immediate action to avoid irreparable harm and unnecessary chain of further hardships.

COMPLAINT AND INJUNCTION - 13

Fawn Brooks   27254 Duffy Rd. Sedro Woolley WA 98284

3.  The request for action by the Federal courts authority for injunction is appropriate and necessary to take immediate action. ("As to eviction, loss of a unique property interest is considered irreparable harm.").

4. Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

     a.  Discriminating in the application process, or otherwise making unavailable or denying, an opportunity to participate in a federal program.

     b.  Discriminating against any person in the terms, conditions, or privileges by using unauthorized practice or policy creating barriers to accessing services.

     c.  Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with barriers equal opportunity to such purpose.

5. Order Defendants to take such affirmative steps as may be necessary to restore Complainant and her son to the position they would have been in but for the discriminatory conduct.

6. Order Defendants to actions as required to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including the removal of policies and procedures that undermined the very purpose of program and allow the processing of her application for services.

COMPLAINT AND INJUNCTION - 14

Fawn Brooks  27284 Duffy Rd. Sedro Wooley WA 98284

7. Award Compensatory and Punitive damages to Complainant and her son pursuant to Section 1983 and

8. Order such additional relief as the interests of justice require. Respectfully submitted.

## VII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

A person deprives another of a constitutional right within the meaning of 1983 if "he does an affirmative act, participates in a affirmative act, or omits to perform an act which he is legally required to do that causes a deprivation of which complaint is made.

COMPLAINT AND INJUNCTION - 15

Fawn Brooks   27204 Duffy Rd. Sedro Woolley WA 98284

Dated this day of Month, year. *Nov 1st 2023*

_____
Attorney Name

## VERIFICATION

STATE OF WASHINGTON

COUNTY OF SKAGIT

BEFORE ME personally appeared Fawn Brooks who, being by me first duly sworn and identified in accordance with Washington law, deposes and says:

1. My name is Fawn Brooks, herein.

2. I have read and understood the attached foregoing complaint, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Fawn Brooks, Affiant

SWORN TO and subscribed before me this _01_ day of _November_ 2023.

_____
Notary Public

My commission expires: _June 01, 2025_

> **Notary Public**
> **State of Washington**
> BRITTANY MARQUIS
> COMM. # 193158
> MY COMM. EXP. 06/01/2025

Dated this day of Month, year. *Nov 1, 2023*

_____
Attorney Name

COMPLAINT AND INJUNCTION - 16

# Jurat

State of Washington

County of Skagit

Signed and sworn (or affirmed) to before me on November 1, 2023 by Fawn Brooks. A resident of Skagit County, Washington.

Brittany Marquis

My commission expires June 01, 2025

Notary Public
State of Washington
BRITTANY MARQUIS
COMM. # 193158
MY COMM. EXP. 06/01/2025

(Seal)

This Jurat is attached to a Complaint and Injunction document containing sixteen (16) pages.