UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAWN BROOKS,<br><br>       Plaintiff,<br>  v.<br><br>SKAGIT COUNTY PUBLIC HEALTH et al.,<br><br>       Defendants. | CASE NO. 2:23-cv-01708-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT |

   This matter comes before the Court sua sponte. On November 9, 2023, United States Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Fawn Brooks' application to proceed *in forma pauperis* ("IFP") and her complaint was posted on the docket. Dkt Nos. 4, 5. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Ms. Brooks' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file an amended complaint.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT - 1

## I. BACKGROUND

Ms. Brooks initiated this action seeking money damages and an injunction as a result of Defendants' apparent denial of an application for emergency housing assistance. Dkt. No. 5 at 1–4; *see id.* at 4 ("Brooks 100% qualifies, however, [Defendants] denied [her] application. White Americans were excluded . . . . Brooks['] attempts went unsuccessful at accessing any eviction prevention services from Skagit and [she] has been in constant emotional distress since August 2022."); *id.* at 11 (alleging that she "is now in a position of losing [her] home and becoming homeless").[1] She invokes Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, the Fourteenth Amendment, 42 U.S.C. § 1983, and Section 4.96.020 of the Revised Code of Washington, and asserts causes of action for discriminatory intent, negligent infliction of emotional distress, assumption of duty, and "defense waived." Dkt. No. 5 at 5–10.

## II. DISCUSSION

The Court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a

---

[1] Ms. Brooks names the following Defendants: (1) Skagit County Public Health; (2) Community Action of Skagit County; (3) Washington Department of Commerce; (4) Geocko, Inc. D.B.A. Livestories, Inc.; and (5) Allysen Yamauchi. Dkt. No. 5 at 2–3.

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

      In this case, Ms. Brooks' complaint fails to state a claim upon which relief can be granted, even when liberally construed. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). As an initial matter, her complaint lacks the who, what, where, when and why needed for the Court and Defendants to understand what is being alleged. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," and Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give the defendant fair notice of the claim and the facts on which it rests, and "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Although the alleged harm Ms. Brooks faces related to her housing is not something the Court takes lightly, she fails to fill in the blanks beyond conclusory assertions. As a result, Defendants—and the Court—would be left to guess what specific acts Defendants are supposed to have committed and how such acts give rise to her alleged claims. In sum, Ms. Brooks may have a viable claim against one or more of the named Defendants, but the allegations contained in the complaint are too vague and conclusory to give rise to an inference of unlawful conduct or to allow Defendants to effectively respond.

      Moreover, to the extent Ms. Brooks seeks relief from a state agency for constitutional violations, *see* Dkt. No. 5 at 3, 7 (naming the Washington Department of Commerce as a Defendant), the Court notes that such defendants are not considered "persons" under Section 1983 and are immune from suit under the Eleventh Amendment. *See, e.g.*, *Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1115–17 (W.D. Wash. 2014).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT - 3

Accordingly, the Court declines to issue a summons in this matter, dismisses this complaint without prejudice, and grants Ms. Brooks an opportunity to cure the deficiencies identified herein. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)).

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Ms. Brooks' complaint without prejudice and with leave to amend by December 15, 2023. Ms. Brooks' amended complaint must provide a short and plain statement of the factual basis for each of the claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Brooks believes support each claim, and the specific relief requested. In other words, the amended complaint must include all relevant allegations rather than merely supplementing the original complaint. If Ms. Brooks does not file a proper amended complaint by December 15, 2023, this action will be dismissed with prejudice.

Dated this 15th day of November, 2023.

Lauren King
United States District Judge